Filed 8/5/26  Carde v. Endeavor Group Holdings CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAVID CARDE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ENDEAVOR GROUP HOLDINGS, INC.,<br><br>    Defendant and Respondent. | B335338<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV07817) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Early Sullivan Wright Gizer & McRae, Devin A. McRae and Jeremy Gray for Plaintiff and Appellant.

Latham and Watkins, Marvin S. Putnam and Jessica Stebbins Bina for Defendant and Respondent.

————————————

The trial court granted summary judgment to Endeavor Group Holdings, Inc. (Endeavor) in this implied contract action filed by David Carde.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, Carde's attorney e-mailed a document (Carde labels it the "Analysis"; Endeavor calls it the "Essay") Carde had written about Endeavor's business to the chief executive officer of Endeavor and to the president of one of Endeavor's subsidiaries, William Morris Endeavor Entertainment (WME).  No one at Endeavor had requested that Carde create the document or send it to Endeavor personnel, and neither recipient responded to the e-mail.

In March 2022, Carde sued Endeavor, alleging Endeavor breached an implied contract between the parties by using the document and a proprietary diagram within it without compensating him.[1]  Endeavor moved for summary judgment on multiple grounds, one of which was that Carde did not clearly condition disclosure of the document on the expectation of payment for its use.  (*Spinner v. American Broadcasting Companies, Inc.* (2013) 215 Cal.App.4th 172, 184 (*Spinner*) [first element of implied contract in this context is that the party "clearly conditioned the submission of their ideas on an obligation to pay for any use of their ideas"].)  In support of this argument, Endeavor asserted in its separate statement of material facts that neither of the e-mails accompanying the Analysis asked Endeavor to pay for the information contained therein.

---

[1]     Carde also alleged a cause of action for unjust enrichment, but Endeavor's demurrer to this cause of action was sustained without leave to amend and the ruling is not raised on appeal.

In opposition to the motion for summary judgment, Carde argued, inter alia, that a triable issue of material fact existed as to the "clearly conditioned" element. Carde contended Endeavor had unsuccessfully demurred to the complaint on this basis and he argued the trial court was "require[d to]. . . reach the same conclusion it did at demurrer, the circumstances here give rise to an implied contract that Endeavor would pay if it used the Analysis (or at a minimum this question is in dispute precluding summary judgment)." In his responsive separate statement, Carde disputed Endeavor's alleged material fact that the e-mails sent by Carde's counsel did not contain a request for payment, arguing the fact was disputed because the "expectation of payment was implicit in the transmittal of the Analysis, based on the customs and practices of the entertainment industry and, separately, the relationship between consultants and clients." As evidentiary support for this assertion, Carde cited to three paragraphs of the declaration he filed in opposition to the summary judgment motion.

Endeavor submitted extensive evidentiary objections to portions of Carde's declaration. The court sustained Endeavor's objections to the entirety of two of the three paragraphs on which Carde relied to demonstrate a genuine dispute of material fact as to the asserted implicit expectation of payment.[2] Most relevant here, the court sustained objections to Carde's assertions in his

---

[2] The third paragraph, although listed as evidentiary support for Carde's contention about implicit payment expectation, described Carde's reading for and preparation of his analysis and did not include any content pertaining to payment or to custom or practice about payment for submitted ideas in any field.

3

declaration that (1) "[i]n the entertainment industry, it is axiomatic and a custom and practice that when ideas and intellectual property are submitted through representation, those materials may not be used by the recipient for free, but rather compensation will be required for any use;" (2) he is "well aware of how submissions work in the industry"; (3) "Following all of Endeavor's 'rules' for submission, it is undisputable that the submission of my Analysis was clearly an offer to make a deal, should Endeavor be interested in using my work"; and (4) "in general, the submission of ideas with the expectation of payment for use is entirely consistent with common practice in the business world."

After a hearing, the trial court granted summary judgment, concluding there was no triable issue of material fact on the first element of breach of an implied contract—whether Carde had conditioned the submission of his analysis on an obligation to pay for its use—and Endeavor was entitled to judgment as a matter of law. The court explained neither Carde's document nor the e-mails sent by his attorney "contained anything indicating to their recipients that the analysis was submitted in the expectation of payment."

The court observed that once the moving party met its initial burden on summary judgment, the party opposing summary judgment bears the burden of producing substantial responsive evidence demonstrating a triable issue of material fact exists, and it concluded Carde had not met his burden. Carde's complaint had alleged, "In the entertainment industry, it is axiomatic and a custom and practice that when ideas and intellectual property are submitted through representation, those materials may not be used by the recipient for free, but rather

4

compensation will be required for any use." Carde stated in his complaint that he would "present expert testimony about this custom and practice and that these circumstances give rise" to an implied contract that Endeavor would compensate Carde for the use of his ideas. However, the court noted that in opposition to the motion for summary judgment, "the only evidence that Plaintiff has presented of this custom and practice is the very same allegation of his complaint, copied and pasted into his declaration." Carde had "offer[ed] no foundation in his own knowledge, skill, experience, training, or education that would qualify him to testify to the custom that he claim[ed]," which was why the court sustained Endeavor's evidentiary objections to this portion of Carde's declaration. As there were no triable issues of material fact as to the existence of an implied contract based on Carde's submission of his Analysis to Endeavor, the court granted summary judgment in Endeavor's favor.

## DISCUSSION

I.    *Summary Judgment*

A.    **Applicable Law**

"[T]he California Supreme Court held in *Desny* [*v. Wilder* (1956) 46 Cal.2d 715,] 733–734 that an idea can be the subject of an express or implied contract, and its disclosure and submission can be consideration for a promise to pay compensation. Plaintiffs may therefore have a cause of action in contract for disclosing an idea to a defendant that uses that idea without compensation. [¶] In an idea submission case such as this, to prevail on a cause of action for breach of implied-in-fact contract, plaintiffs must show (1) they clearly conditioned the submission of their ideas on an obligation to pay for any use of their ideas;

5

(2) the defendants, knowing this condition before the plaintiffs disclosed the ideas, voluntarily accepted the submission of the ideas; and (3) the defendants found the ideas valuable and *actually used* them—that is, the defendants based their work substantially on the plaintiffs' ideas, rather than on their own ideas or ideas from other sources." (*Spinner*, *supra*, 215 Cal.App.4th at p. 184.) As *Desny* explained, the law requires specific evidence that payment is contemplated. (*Desny,* at p. 738.) "The law will not imply a promise to pay for an idea from the mere facts that the idea has been conveyed, is valuable, and has been used for profit; this is true even though the conveyance has been made with the hope or expectation that some obligation will ensue." (*Id*. at p. 739.)

To prevail on a motion for summary judgment, a defendant must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc.,[3] § 437c, subd. (p)(2).) A defendant moving for summary judgment bears the initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the defendant meets that initial burden, the burden shifts to the plaintiff to show a triable issue of fact exists as to that cause of action. (§ 437c, subd. (p)(2).) The plaintiff " 'may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action.' " (*Merrill v.*

---

[3]    Undesignated statutory references are to the Code of Civil Procedure.

6

*Navegar, Inc.* (2001) 26 Cal.4th 465, 476–477; § 437c, subd. (p)(2).)

" 'An issue of fact can only be created by a conflict of evidence. It is not created by "speculation, conjecture, imagination or guess work." [Citation.] Further, an issue of fact is not raised by "cryptic, broadly phrased, and conclusory assertions" [citation], or mere possibilities.' " (*Spinner*, *supra*, 215 Cal.App.4th at p. 183; see also *Roberts v. Assurance Co. of America* (2008) 163 Cal.App.4th 1398, 1404 [plaintiff cannot "rely on assertions that are 'conclusory, argumentative[,] or based on conjecture and speculation,' but rather [is] required to 'make an independent showing by a proper declaration or by reference to a . . . discovery product that there is sufficient proof of the matters alleged to raise a triable question of fact' "].)

We review the trial court's summary judgment decision de novo. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. (*Ibid.*) "Although we independently review the grant of summary judgment to determine the existence of triable issues of fact [citation], our inquiry is subject to two constraints. First, we assess the propriety of summary judgment in light of the contentions raised in [the appellant's] opening brief. [Citation.] Second, to determine whether there is a triable issue, we review the evidence submitted in connection with summary judgment, with the exception of evidence to which objections have been appropriately sustained." (*Frittelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 41.)

### B.  Material Issues of Fact Regarding Implied in Fact Contract

Carde contends material issues of fact exist regarding an implied in fact contract.  First, he states the "trial court's finding that an 'expert opinion' is required to establish an implied contract between Carde and Endeavor misstates the law and is a red herring."  (Italics omitted.)  Rather than providing a citation to the specific location in the record where this alleged finding may be found, Carde unhelpfully directs this court to the entire summary judgment ruling.  " 'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference occurs—*must be supported by a citation to the record.*' "  (*Pagan v. City of San Rafael* (2026) 119 Cal.App.5th 853, 865.)  Citations to the record must include "the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  Citing to an entire document is insufficient.  (*In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 366, fn. 4.)  "The claimed existence of facts that are not supported by citations to pages in the appellate record, or not appropriately supported by citations, cannot be considered by this court."  (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)

Moreover, in the course of our review we have not located any finding or ruling by the trial court that expert testimony is required in order to establish an implied contract between Carde and Endeavor.  As we understand the trial court's ruling, the court granted summary judgment in Endeavor's favor because the only evidence Carde had presented to support his claim of an implicit expectation of payment when he submitted his analysis

8

was his own expert testimony about custom and practice. Once that evidence was ruled inadmissible, Carde had not presented any admissible evidence to support his contention that there existed a disputed issue of material fact as to the existence of an implicit request for payment in the transmission of his analysis to the Endeavor and WME executives. Accordingly, Carde had not demonstrated the existence of a triable issue of material fact as to whether the submission was clearly conditioned on an expectation of payment for its use. Nowhere in the court's analysis or ruling do we divine a general finding that expert testimony is required to establish the existence of an implied contract.

Carde next makes a multi-page argument that includes many factual assertions and discusses the content of three different exhibits, a declaration, and discovery responses, culminating in the conclusion that "[t]he reasonable conclusion from these facts is that the trial court was wrong when it ruled that the submission was unsolicited." None of Carde's factual assertions or document references is supported by a citation to "the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "Statements of fact that are not supported by references in the record are disregarded by the reviewing court." (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)

Carde also argues that four cases upon which Endeavor relied in its briefing in the trial court differ in significant ways from the present matter. He summarizes each case and then describes how the facts of the present matter diverge. Again, none of the alleged facts to which Carde refers is supported by a reference to the record on appeal. "[D]e novo review does not

9

obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116, disapproved on other grounds in *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 41–42.) Carde has not demonstrated the existence of any triable issue of material fact regarding an implied contract.

C.      **Absence of Expert Opinion**

Carde argues if this court concludes "an expert opinion is required, Carde is qualified in two respects. First, the foundation established in the evidentiary ruling in the MTQ [motion to quash] proceedings." In support of this sentence fragment, Carde directs this court to a 2022 ruling on his motion to quash a subpoena in which the trial court ruled Carde had shown he had an attorney-client relationship with the attorney who sent the analysis to Endeavor and WME. Carde offers no argument how this ruling established Carde's foundation or qualification as an expert witness. To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. (*In re M.V.* (2025) 109 Cal.App.5th 486, 518.) "It is not our responsibility to develop an appellant's argument." (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11.)

10

Carde continues: "Second, Carde laid proper foundation in his Declaration.  He described his long career in the entertainment industry."  He claims the trial court "weighed [his] credibility despite facts establishing his work in the industry" and faults the court for not explaining "how Carde was incapable of testifying regarding well known" and long-recognized entertainment industry customs.  Finally, he states he set forth a foundation for his expertise "as a consultant in general" and testified to the custom and practice for consultants and work based on a referral, an issue he claims the trial court did not address.

We find no merit to these contentions.  Carde's references to "foundation" seem to suggest a position that the trial court made erroneous evidentiary rulings, but at no point in his opening brief does Carde directly acknowledge the trial court's rulings on the evidentiary objections, much less present a distinct and developed claim of error in any of these rulings.  To the extent this passage is an attempt to assert the trial court erred in sustaining certain of Endeavor's evidentiary objections, a general claim that excluding evidence was "error," without any "reasoned analysis in their opening brief, regarding why, in this case, the trial court was acting outside the bounds of reason," is insufficient to present an issue for review.  (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387; see *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 279 [claim of "flawed evidentiary rulings" is "forfeited by appellant['s] failure to provide record or legal citations or develop supporting legal authority and by their failure to include this claim in the heading of their brief"]; *DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 681, fn. 13 ["DeLuca does not address any of

11

the specific grounds on which the objections were sustained, including relevance, hearsay, and lack of foundation.  Any argument that the objections were improperly sustained is therefore considered waived"].)

To the extent these statements are intended to assert other error, they likewise fall short.  Carde's claim the trial court "weighed [his] credibility despite facts establishing his work in the industry" is not supported by record citations to either this alleged credibility determination or facts establishing his industry work.  His assertion that the court did not explain how he was "incapable of testifying" about entertainment industry customs is belied by the court's detailed explanation of its rulings on Endeavor's evidentiary objections, including why it determined Carde had not established he had the special knowledge, skill, experience, training, or education sufficient to qualify him to testify as to entertainment industry custom and practice.  (Evid. Code, § 720, subd. (a).)  Finally, Carde's claim that the court failed to address his expertise as a consultant and his testimony to the custom and practice for compensating consultants for submitted work from a referral is not supported with citations to the record.  "We are entitled to disregard such unsupported factual assertions even on de novo review of a summary judgment."  (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267.)

In conclusion, Carde states that if this court "still finds [his] testimony unacceptable," we should "reverse the trial court's failure to grant the plaintiff appropriate time to obtain such an opinion under Civil Procedure Code section 437c[, subdivision] (h)."  This conclusory assertion, not supported by argument or authority, is insufficient to demonstrate error.  When an

12

appellant raises a point "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

### D. **Substantial Similarity**

Again without citations to the record, Carde argues triable issues of material fact exist as to similarities between his analysis and Endeavor's materials in conjunction with Endeavor's 2021 initial public offering. As Carde has not demonstrated error in the court's grant of summary judgment due to the absence of a triable issue of material fact on the first element of an implied in fact contract, there is no need to consider whether disputed issues of material fact exist with respect to other elements.

## II. *Continuance of the Summary Judgment Hearing*

Section 437c, subdivision (h) provides, "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

Carde complains the trial court did not grant him a continuance for further discovery. He describes this as a "SECTION 437C(H) CONTINUANCE" (boldface and underscoring omitted), sets forth the standard of review for a

13

"continuance under section 437c, subdivision (h)," and advises that continuances are "virtually mandated," citing cases where continuances were requested in compliance with section 437c, subdivision (h). What Carde does not do in this argument is direct this court to where in the record he made a request for a continuance that complied with section 437c, subdivision (h) but was denied by the trial court. Instead, Carde states vaguely that he submitted "not just a declaration in support of his position that a continuance was warranted under section 437c(h) but also his entire motion to compel which further elaborated upon the need for additional evidence in support of his opposition to Endeavor's [Motion for Summary Judgment]."

Carde provides no record citation for this alleged "declaration in support of his position that a continuance was warranted under section 437c(h),"[4] violating California Rules of Court, rule 8.204(a)(1)(C). " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) Carde instead discusses his motion to compel compliance with a subpoena, concluding a "short continuance" of the hearing on the summary judgment

---

[4] The only declaration in support of a request to continue the summary judgment hearing that we have been able to locate in this massive record is the one Carde's counsel filed in support of a request to continue the hearing that the trial court *granted* in September 2023.

14

motion to allow his motion to compel to be heard and further discovery to be obtained "was completely reasonable." As Carde has not demonstrated he made a request for a continuance of the summary judgment hearing that complied with section 437c, subdivision (h) and made the showing the statute requires, Carde has not established a continuance was "virtually mandated" here or that the court erred when it failed to grant a continuance under that provision. (See *Fadeeff v. State Farm General Ins. Co.* (2020) 50 Cal.App.5th 94, 103–104 [" '[A] continuance (normally a matter within the court's discretion) is "*virtually mandated*" where the nonmoving party makes the requisite showing' " under § 437c, subd. (h)].)

A party who cannot make the showing required under section 437c, subdivision (h) may seek a continuance under the ordinary discretionary standard applied to continuance requests, which requires a showing of good cause. (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 765 (*Hamilton*).) This Carde did: at the summary judgment hearing, Carde's counsel stated that if the trial court did not find sufficient Carde's declaration as to industry custom and practice with respect to submissions, and if the absence of an independent expert witness declaration was dispositive, counsel wanted additional time to obtain and submit a declaration from an outside expert witness.

"A court's denial of an oral request to continue a summary judgment hearing is reviewed for abuse of discretion." (*Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 19.) A trial court abuses its discretion when it exercises that discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice. (*People v. Johnson* (2022) 12 Cal.5th 544, 605–606.) Carde's entire argument with

15

respect to good cause for this continuance request is that it "was reasonable given the early disposition of the case and the trial court's position that expert testimony was needed to support his opposition." That a request may have been reasonable does not mean denying it was an abuse of discretion. " 'To establish an abuse of discretion, defendants must demonstrate that the trial court's decision was so erroneous that it "falls outside the bounds of reason." [Citations.] A merely debatable ruling cannot be deemed an abuse of discretion.' " (*Id.* at p. 605.) Carde has failed to demonstrate error.

Carde's final contention is that the trial court failed to exercise its discretion because it did not explain at the hearing or in its written ruling "why a continuance was not warranted." Carde provides no argument or authority that supports imposing on the trial court a requirement to find a continuance was "not warranted" rather than making the usual determination of whether the moving party has shown good cause for a requested continuance. (See *Hamilton, supra,* 8 Cal.App.5th at p. 765 [continuance requests require a showing of good cause].) Moreover, the failure to expressly rule on a request for a continuance does not signify a failure to exercise discretion. Although the record does not indicate an explicit ruling on Carde's request for a continuance, "the grant of summary judgment implies a denial." (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 634.)

16

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.